IN THE CIRCUIT OF THE CITY OF ST. LOUIS
22ND JUDICIAL CIRCUIT
STATE OF MISSOURI

TBL REAL ESTATE,

    Plaintiff,

v.                           Case No.

HARTFORD CASUALTY INSURANCE
COMPANY
Serve at:
The Director of Insurance
301 W. High Street, Room 530
Jefferson City, MO 65101
    Defendant,

## PETITION

### BREACH OF CONTRACT

Comes now the plaintiff, by and through counsel, and for its Petition against Defendant states as follows:

1) Plaintiff, TBL Real Estate, resides in St. Louis County.

2) Hartford Casualty Insurance Company ("The Hartford") is a foreign Insurance Company registered to do business in the State of Missouri.

3) The Hartford provided property coverage to TBL Real Estate for a set of buildings collectively known as The Barn at Lucern ("The Barn") under Insurance Policy Number 84 UUN JG7491 (herein after "The Policy").

4) The Policy is a replacement cost policy.

5) TBL paid $22,149 for the policy for coverage from 04/12/12 to 04/12/13, and annually updated and paid for the policy.

6) The Policy covered the buildings of The Barn to a limit of $5,328,000.



EXHIBIT A

7) The Harford inspected The Barn on 3/19/2006 for purposes developing information about the size and characteristics of the location, to study loss control management for the property, and to review workers compensations property package. The current owners and the immediate preceding owner have maintained the Policy on The Barn since this original inspection.

8) The Hartford made recommendations at the time of the inspection to the then owners of the The Barn for loss control which included an electrical maintenance program, a sprinkler inspection, cleaning filters, inspecting automatic extinguishing system, and filling in some pot holes.

9) The Insuring Clause of the Policy states, "Covered Causes of Loss means direct physical loss or direct physical damage that occurs during the Policy period and the Coverage Territory unless the loss or damage is excluded in the GERNAL EXCLUSIONS or the SPECIFIC EXCLUSIONS or as provided in the Additional Coverage – Equipment Breakdown or by endorsement."

10) The Policy contains an exclusion for maintenance that states: "But if maintenance loss results in a Covered Cause of Loss to Covered Property, we will only pay for ensuing covered loss or ensuing covered damage caused by that Covered Cause of Loss."

11) The policy contains an "Other Exclusion" section which provides in part; "We will not pay for loss or damage caused by, resulting from, or arising out of: a. Wear and tear, or change in color, texture, or finish;.... But if direct physical loss or direct physical damage by a Covered Cause of Loss

Electronically Filed - City of St. Louis - May 19, 2016 - 01:39 PM

ensues to Covered Property, we will pay only for such ensuing loss or damage.

12) Three major thunderstorms resulting in high wind and hail passed over the The Barn on June 5, 2012, July 2, 2012, and September 1, 2014.

13) Each of the storms resulted in a Covered Loss to The Barn.

14) The roof was damaged by hail and wind on each occasion.

15) Water penetrated the building as a result of the hail and wind on each occasion.

16) The July 2, 2012 event resulted in the majority of the water penetration to the building.

17) Donan Engineering was retained by The Hartford and visited the building and prepared a report regarding their review on August 7, 2012. This report found no storm related damage.

18) TBL Real Estate sent a proof of loss to The Hartford for each wind and hail event.

19) TBL sent an estimate for interior repairs as result of water damage to The Hartford for a total of $1,600,000.00.

20) The Hartford sent a letter to the plaintiff on February 19, 2013. In the letter, The Hartford states, "As outlined above, in B. 29 & 30. Your policy does not provide coverage for damage caused by Improper Workmanship or wear and tear. The engineer we had hired determined that the metal roof was installed improperly and the flat roof has damages, which were caused by wear and tear. As such, we will be unable to provide any coverage for those portions of the claim. We will however pay for the

interior water damages as a result of this loss and for damages to the roofs which had hail and wind damages."

21) The metal roof was installed years ago, and The Hartford had an opportunity to inspect it prior to accepting The Barn for insurance, and did so on 3/19/2006.

22) No changes to the roof were recommended and no deficiencies were noted.

23) The Hartford had a second report prepared Donan Engineering on June 18, 2013 subsequent to receiving the interior damage repair from Dangos. This report found wind related storm and water damage to the main Steeple area of The Barn

24) After the September 1, 2014 event, TBL had a damage repair estimate prepared for the roof.

25) According to the estimator, the metal roof was damaged by Hail and wind

26) The estimator prepared an estimate for in excess $400,000.

27) The Hartford again hired Donan Engineering to prepare a report on the roof.

28) The third Donan report was prepared on April 1, 2015, and found the roof was not damaged by hail or wind.

29) Plaintiff performed all its obligations under the terms of the contract.

30) The losses are either direct covered loss or an ensuing loss per the terms of the policy.

31) The Hartford has denied the claim for interior damages and for damage to the metal roof.

32) The Harford has paid for damage to the steeple area roof and interior damage to that area of the building.
33) The above acts in denying the claims for the metal roof and the interior damage not associated with the main steeple leak constitute a substantial breach of the contract for property damage insurance.
34) The plaintiff is damaged by the loss of the payments for depreciated value for the damages to The Barn.

Wherefore the defendant respectfully requests this court award the plaintiff a sum of money equal to the value of the depreciated loss damages to The Barn, and its costs incurred. The damages are above the jurisdictional amount of $25,000.

## COUNT II VEXATIOUS REFUSAL TO PAY

35) Plaintiff hereby incorporates paragraphs 1 through 34 as if fully set forth herein.
36) The Defendant has refused to pay and continues to refuse to pay for the damages incurred to a covered property owned by the plaintiff, The Barn.
37) Defendant is without reason or excuse for the failure to pay the Plaintiff.

Wherefore Plaintiff prays this court impose a penalty of twenty percent of the first $1,500.00 awarded in Count I and ten percent of the any amounts in excess of $1,500.00, a reasonable sum for attorney fees and interest on the judgment.

Dated this 19th day of May, 2016

Electronically Filed - City of St. Louis - May 19, 2016 - 01:39 PM

---------------/s/----------------------
ROBERT J. GOLDSON, 45414
130 E. Lockwood
Webster Groves, MO 63119
314-961-6781
fax 314-961-6965